Pearson, C. J.
 

 If the limitation had been to Elizabeth Holland for life, and then to her lawful heirs, there can be no question she would have taken the absolute estate by force of the rule in Shelley’s case.
 
 Ham
 
 v.
 
 Ham,
 
 1 Dev. and Bat. Eq. Rep. 598;
 
 Sanderlin
 
 v.
 
 Deford,
 
 2 Jones’ Rep. 14. Indeed, this position is assumed by Mr. Rodman for the plaintiff.
 

 Taking that to be so, it would follow that John Holland, her husband, would,
 
 jure mwriti,
 
 have been entitled to the slaves, and, consequently, this action could not have been maintained by the plaintiff, as the administrator of the wife.
 

 We are at a loss to see how the fact that the limitation is to John Holland, as well as to his wife, for their lives, can put him in a worse situation, or make his marital rights less effective in vesting the absolute title in him, than if he had not been named.
 

 The case of
 
 Needham
 
 v. Branson, 5 Ired. Rep. 426, which was cited and relied on by Mr. Rodman to avoid this conclusion, does not sustain him. In that case,
 
 lamd
 
 was conveyed to Needham and his wife, and their heirs, and it was held they took estates in fee by entireties, and the wife snrviving, she was entitled to the whole estate. But ours is a case of gift of
 
 personal property,
 
 in respect to which the
 
 mcm'ital
 
 
 *147
 

 rights
 
 are very different. If land is given to a wife and her heirs, and there be issue born alive, the husband takes as tenant by the curtesy. If he be included in the gift, he takes a joint estate, with a chance of taking the whole by survivor-ship. If personal property is given to a wife and her heirs, the husband takes the absolute estate,
 
 jure
 
 mariti, and of course he can take no loss if he be included in the gift;
 
 Robertson
 
 v. Fleming, 4 Jones’ Eq. Rep. 387.
 

 We concur in the opinion that the plaintiff was not entitled •to recover.
 

 Per Curiam,
 

 Judgment affirmed.